C/A No: <u>3:25-cv-01149-MGL-SVH</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

RCVD – USDC COLA SC
FEB 26 '25 AM 10:51

**Jane Doe,**
Plaintiff,

v.

**South Carolina Department of Juvenile Justice, South Carolina Department of Special Needs, All Night Staff, Youth(s) and/or Their Parents, Facility Administrator Mrs. Hearns, and Captain Felder and Elizabeth Lemmond, Human resources Director for DDSN**

**Plaintiff Jane Doe, proceeding under a pseudonym for privacy and protection, brings this action against Defendants Sola Station Apartments, its Leasing Office Staff, and unnamed individuals responsible for the wrongful conduct described herein, and states as follows:**

**JURISDICTION AND VENUE**

3.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this action arises under the laws of the United States, specifically Title VII of the Civil Rights Act of 1964.

4.     This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

5.     Venue is proper in the District of South Carolina, Columbia Division, pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides in Columbia, South Carolina, and Defendants conduct business within the state, and the events giving rise to this claim occurred in South Carolina. The South Carolina Department of Juvenile Justice is located at **4900 Broad St, Columbia, SC 29203.**

**PARTIES**

6.     Plaintiff Jane Doe is an African American woman and a resident of Columbia, South Carolina.

7.     Defendant South Carolina Department of Juvenile Justice is a state agency that operates within South Carolina, including in Columbia, with its principal address at **4900 Broad St, Columbia, SC 29203.**

Carolina, including in Columbia.

8.     Defendant All Night Staff includes all employees who worked overnight shifts at the facility during the relevant time period and were complicit in or directly responsible for discriminatory and retaliatory actions against Plaintiff.

9.     Defendant Youth(s) and/or Their Parents include any minor(s) who were involved in incidents leading to Plaintiff's wrongful termination and their legal guardians who may be held liable.

10.     Defendant Facility Administrator Mrs. Hearns was directly involved in the adverse employment actions against Plaintiff, including her wrongful termination.

11.     Defendant Captain Felder was also directly involved in the adverse employment actions against Plaintiff, including her wrongful termination.

**FACTUAL ALLEGATIONS**

13.     Plaintiff was employed by the South Carolina Department of Juvenile Justice in good standing and performed her job duties competently and professionally.

14.     On January 31, 2025, Plaintiff reported to work as usual and was informed by Facility Administrator Mrs. Hearns and Captain Felder that she would not be permitted to work pending an investigation.

15.     Plaintiff inquired whether she would be paid if the investigation was found to be unsubstantiated, to which Mrs. Hearns confirmed she would be.

16.     Plaintiff further asked who would be contacting her regarding the investigation, and Mrs. Hearns stated that human resources would be responsible for communication.

17.     Plaintiff was given no further details regarding the investigation, was not provided due process, and was subjected to disparate treatment compared to similarly situated non-African American employees who were not placed on investigative leave under similar circumstances.

18.     Upon information and belief, Defendant DJJ engaged in a pattern and practice of racial discrimination by disproportionately subjecting African American employees to adverse employment actions without justification.

19.     Defendant DSN, in collaboration with DJJ, furthered the discrimination by unlawfully terminating Plaintiff's employment, despite the investigation not substantiating any wrongdoing on her part.

20.     Defendant All Night Staff engaged in discriminatory and retaliatory actions by failing to intervene in incidents of workplace harassment and contributing to an environment of racial bias.

21.     Defendant Youth(s) and/or Their Parents engaged in conduct that contributed to Plaintiff's termination, including making false statements or engaging in actions that were used as a pretext for her wrongful termination.

22.     Defendants Facility Administrator Mrs. Hearns and Captain Felder directly participated in the discriminatory actions against Plaintiff, including suspending and ultimately terminating her employment without just cause.

23.     Plaintiff's termination was wrongful and continued the pattern of racial discrimination and retaliation.

24.     Defendants made false statements about Plaintiff that damaged her reputation, causing personal and professional harm.

25.     Defendants' actions constitute unlawful racial discrimination, wrongful termination, retaliation, defamation, and intentional infliction of emotional distress.

**CLAIMS FOR RELIEF**

**COUNT I – RACIAL DISCRIMINATION UNDER TITLE VII**

26.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

27.    Defendants discriminated against Plaintiff based on race by subjecting her to adverse employment action without justification, thereby violating Title VII.

**COUNT II – WRONGFUL TERMINATION**

28.    Defendants wrongfully terminated Plaintiff in violation of federal and state law.

**COUNT III – RETALIATION UNDER TITLE VII**

29.    Defendants retaliated against Plaintiff by terminating her employment as a direct result of her protected activity.

**COUNT IV – DEFAMATION (LIBEL AND SLANDER)**

30.    Defendants made false and defamatory statements about Plaintiff, harming her reputation.

31.    The defamatory statements were made with malice or reckless disregard for the truth.

**COUNT V – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

32.    Defendants engaged in extreme and outrageous conduct that intentionally or recklessly caused Plaintiff severe emotional distress.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court enter judgment in her favor and award her the following relief:

A.    A declaratory judgment that Defendants' actions violated Title VII and the South Carolina Human Affairs Law;
B.    Injunctive relief prohibiting Defendants from engaging in further discriminatory practices;
C.    Back pay, lost benefits, and other compensation;
D.    Compensatory damages for emotional distress, humiliation, and loss of reputation;
E.    Punitive damages;
F.    Attorney's fees, costs, and expenses; and
G.    Any other relief the Court deems just and proper.
B.    Jane Doe seeks 4 years pay and 800,000 for pain and suffering

2/24/25

Jane Doe

PO BOX 7443

Norfolk, VA 23509

The Salvation Service @ Cjehoun